IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:01CR52-14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ROBERT LIONEL SISK | ) | |

**THIS MATTER** is before the Court on the Defendant's motion for resentencing pursuant to 18 U.S.C. § 3582. The motion is denied.

## I. PROCEDURAL HISTORY

On August 6, 2001, the Defendant was charged with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine power and 50 grams of methamphetamine. He was convicted after jury trial on November 16, 2001. On July 12, 2002, the undersigned sentenced the Defendant to 276 months incarceration. His conviction and sentence were upheld on his direct appeal to the United States Fourth Circuit Court of Appeals and the Supreme Court declined to issue a writ of *certiorari*. ***United States v. Sisk*, 87 Fed. Appx. 323 (4th Cir.),** *cert. denied*, **125 S. Ct. 155 (2004).** The Defendant has not filed a motion pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

Title 18 U.S.C. § 3582 provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> . . .
>
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant argues that the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), mandates a reduction in his sentence pursuant to § 3582 because that Court held the United States Sentencing Guidelines are not mandatory but advisory only. According to the Defendant then, the *Booker* decision is itself a clarifying amendment to the Guidelines and, therefore, may be applied to reduce his sentence *via* 18 U.S.C. § 3582(c). He does not, however, allege that any amendment to a Guideline applied to him has occurred.

"By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines." ***United States v. Privette*, 129 Fed. Appx. 897 (5ᵗʰ Cir. 2005).** As a result, *Booker* is not applicable to a motion brought pursuant to § 3582(c)(2). ***Id.***

> *Booker*, . . . which extended the holding of *Blakely* [*v. Washington*, 124 S. Ct. 2531 (2004)] to the federal sentencing guidelines, is not applicable in this case because § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence.

***United States v. Joseph*, 130 Fed. Appx. 357, \_\_\_\_, 2005 WL 1038766 \*\*3 (11ᵗʰ Cir. 2005).**

> Section 3582(c)(2) gives individuals the right to seek a reduction in their sentence when the guideline range upon which they were sentenced has subsequently been lowered through an amendment to the sentencing guidelines. Defendant does not allege that any such amendment has been made. The Supreme Court made it clear that *Booker* is not to be applied retroactively. Rather, its holding applies only to cases on direct appeal. If the Court were to accept defendant's argument that anyone can file a section 3582(c)(2) motion for resentencing based on the general effect *Booker* had on the guidelines, then practically anyone could move for a sentence reduction. In the end, *Booker* would essentially become retroactive, albeit through the guise of a section 3582(c)(2) motion. This is not what the Supreme Court intended.

*United States v. Durr*, __ F.Supp.2d __, 2005 WL 1318836 **1 (S.D. Ohio 2005); *accord*, *United States v. Mitchell*, 122 Fed. Appx. 539, 541 (2d Cir. 2005) ("At best, Mitchell's effort somehow to import *Blakely* and, by extension, *Booker* into a recalculation of his sentence under 18 U.S.C. § 3582(c)(2) is a collateral attack on the original judgment. This court has held, however, that *Booker* does not apply retroactively to cases on collateral review."); *United States v. Dorsey*, __ F.Supp.2d __, 2005 WL 906356 **1 (E.D. Pa. 2005) ("*Booker* does not support a 18 U.S.C. § 3582(c)(2) claim[.] The Sentencing Commission has not lowered any sentencing range applicable to Dorsey[.]"); *Shafer v. United States*, __ F.Supp.2d __, 2005 WL 850842 **2 (D. Me. 2005) ("*Booker* is unquestionably a pronouncement by the United States Supreme Court and *not* the United States Sentencing Commission[.]"). The Court finds that "giving [Defendant] § 3582(c) relief from his sentence based on *Booker* would be, in essence, giving *Booker* retroactive effect to a case that is no longer in the direct appeal pipeline." *Id.*

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for resentencing is hereby **DENIED**.

**Signed: June 15, 2005**

Lacy H. Thornburg
United States District Judge