# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:16-cv-00208-MR
### CRIMINAL CASE NO. 1:01-cr-00052-MR-14

| | |
|---|---|
| **ROBERT LIONEL SISK,** )<br>)<br>   **Petitioner,** )<br>)<br>**vs.** )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>   **Respondent.** )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1], and in light of Petitioner's Supplemental Memorandum [Doc. 14], in which Petitioner concedes that his claim is time-barred. Petitioner is represented by Caryn Devins Strickland of the Federal Defenders of Western North Carolina.

## BACKGROUND AND DISCUSSION

On November 16, 2001, Petitioner was found guilty of conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Crim. Case No. 1:01-cr-52-MR-14 ("CR"), Doc. 194: Jury Verdict]. The presentence report found that Petitioner

had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: two North Carolina convictions for assault on a female, one in 1988 and the other in 1989. [CR Doc. 437-1 at 1: PSR]. Based on the career-offender enhancement, Petitioner faced a guidelines range of 360 months to life imprisonment. [Id. at 12]. On July 1, 2002, this Court imposed a sentence of 276 months' imprisonment. [CR Doc. 307: Judgment].

On June 26, 2015, the Supreme Court held in Johnson v. United States that the residual clause of the Armed Career Criminal Act ("ACCA") — which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" — is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." Id. at 2563. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

On around June 23, 2016, Petitioner filed the underlying motion to vacate though counsel, raising a Johnson claim. [Doc. 1]. In the motion to vacate, Petitioner argued that, under Johnson, his prior North Carolina

convictions for assault on a female no longer qualify as career-offender predicates under <u>Johnson</u>.

On September 12, 2016, the Court placed Petitioner's motion in abeyance pending the outcome of <u>Beckles v. United States</u>, Supreme Court No. 15-8455, in which the petitioner argued that his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. [Doc. 6]. On March 6, 2017, the Supreme Court held in <u>Beckles</u> that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. 886, 890 (2017). The Court reasoned that, because the guidelines are not mandatory, due process is not implicated. <u>Beckles</u> did not, however, resolve the question of whether <u>Johnson</u>'s constitutional holding applies retroactively to those defendants, like Petitioner, who were sentenced before <u>United States v. Booker</u>, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory rather than advisory. Because this very issue was pending in the Fourth Circuit Court of Appeals, Petitioner filed a motion to stay pending a decision in <u>United States v. Brown</u>, No. 16-7065, which this Court granted on May 12, 2017. [Docs. 9, 10].

The Fourth Circuit decided <u>Brown</u> on August 21, 2017, holding that <u>Johnson</u> did not apply to cases in which defendants were sentenced under the pre-<u>Booker</u> Sentencing Guidelines. <u>United States v. Brown</u>, 868 F.3d

297 (4th Cir. 2017).  The Fourth Circuit denied a motion for rehearing *en banc*, <u>United States v. Brown</u>, 891 F.3d 115 (4th Cir. 2018), and the Supreme Court denied certiorari, <u>Brown v. United States</u>, No. 17-9276, 2018 WL 2877128 (U.S. Oct. 15, 2018).

On November 7, 2018, Petitioner filed a supplemental memorandum in light of the Supreme Court's denial of certiorari in <u>Brown</u>.  In the supplemental memorandum, Petitioner states that the parties agree that, based on the Supreme Court's denial of certiorari, Petitioner's claim is foreclosed by <u>Brown</u> as untimely.  As Petitioner concedes that his petition is untimely, Petitioner's motion will be denied and dismissed.

Finally, the Court notes that Petitioner seeks an order from the Court granting a certificate of appealability.  Petitioner essentially contends that reasonable jurists would disagree over the constitutionality of the Court's denial of a motion to vacate as untimely in which a petitioner raises a <u>Johnson</u> claim where the petitioner was sentenced pre-<u>Booker</u>.  The Court recognizes that Chief Judge Gregory wrote a dissent in the Fourth Circuit's <u>Brown</u> decision, arguing that the petitioner there should be entitled to relief under <u>Johnson</u> and after <u>Beckles</u>.  The Court also recognizes that Justice Sotomayor wrote a dissent in the Supreme Court's decision denying the petition for certiorari in <u>Brown</u>, in which Justice Ginsburg joined.

Nevertheless, the Court of Appeals' decision in <u>Brown</u> is binding. Whether this Court or other reasonable jurists may differ on whether <u>Brown</u> was correctly decided, it cannot reasonably be disputed that the holding of <u>Brown</u> is binding on this Court and on subsequent panels of the Court of Appeals.

As <u>Brown</u> is now settled law in this circuit, the Court declines to grant a certificate of appealability in this action. The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (<u>citing</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

# **O R D E R**

**IT IS THEREFORE ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 20, 2018

Martin Reidinger
United States District Judge